## B. C. H. JOHNSON v. S. B. McCUTCHINGS & Co.

1. WRIT OF ERROR—PRACTICE.—A petition for writ of error is not on that account defective; the petition may be addressed to the clerk of the District Court, or to the Supreme Court.
2. JUDGMENT BY DEFAULT AGAINST A GARNISHEE.—No judgment by default can be rendered against a garnishee when the writ of garnishment fails to designate the cause in which the garnishee is called upon to answer, or when the affidavit for the writ omits to state that the garnishee resides in the county in which the original suit is brought.

ERROR from Rusk. Tried below before the Hon. J. B. Williams.

*Martin Casey,* for plaintiff in error.

The garnishee could not learn from the writ or affidavit what he was to answer and from whom or against whom. The judgment against him could not be a protection to him against the defendant in the judgment for want of certainty, and there is no provision that he shall be discharged from the defendant on payment of the judgment against him as garnishee. (Paschal's Dig., p. 624, n. 875.) It does not appear from the proceedings where the garnishee resided; and if he resided out of Rusk county the judgment was premature. In such case a commission should issue to take his answers. (Paschal's Dig., art. 167.) Hence all the assignments are well taken.

*N. G. Bagley,* for defendant in error, cited Flanagan *v.* Pierce, 27 Tex., 79.

ROBERTS, CHIEF JUSTICE.—The motion to dismiss this case because the address in the petition for the writ of error is directed to the Supreme Court, instead of to the district clerk, is overruled. The address, being a formal part of the petition, may be directed to either the one or the other.

This is a judgment by default, for want of an answer to a writ of garnishment, rendered in favor of defendant in error against the plaintiff in error.

The transcript of the record does not contain a copy of the judgment of McCutchings & Co. *v*. Paxton, upon which this proceeding purports to be founded, nor does it contain anything from which its amount is made to appear to this court.

The affidavit made to procure the garnishment does not state that a judgment had been rendered nor that Johnson resided in Rush county, nor do either of these facts appear in any part of the transcript upon which the judgment by default was rendered.

The writ of garnishment does not state in any manner whatever the name of the case in which the garnishee is called upon to answer, nor the nature of the suit in which it was issued.

We are of opinion, therefore, that the judgment by default, for want of an answer, was without any proper foundation or notice, and must be reversed and the cause be remanded. (See Paschal's Dig., art. 3785.)

REVERSED AND REMANDED.