## UNITED STATES v. BIXBY.*

*(District Court, D. Indiana. November 3, 1881.)*

1. MINORS—NOTARY PUBLIC.

There is nothing in the constitution or statutes of the state of Indiana making minors ineligible to the office of notary: such office is not a county office within the meaning of the constitution, wherein it provides that none but electors shall hold county offices.

2. SAME—OFFICES.

At common law minors are eligible to offices which are ministerial in their character, and call for the exercise of skill and diligence only, and they are *not* eligible to offices which concern the administration of justice. The office of notary is purely ministerial.

Indictment for Perjury. Plea that the notary who administered the oath was a minor. Demurrer to the plea.

*Chas. L. Holstein,* U. S. Atty., and *Chas. H. McCarer,* Asst., for the United States.

*McDonald & Butler* and *Gordon, Lamb & Sheppard,* for defendant.

GRESHAM, D. J. The indictment charges that the defendant committed perjury in swearing to the truth of a quarterly report as assignee in bankruptcy, before Auretus W. Hatch, a notary public. The defendant pleads specially that at the time the alleged oath was administered to him by the said A. W. Hatch, as notary public, the latter was a citizen of Marion county, Indiana, and a minor, under 21 years of age. A demurrer to this plea presents the following questions, viz.:

(1) Are minors ineligible to the office of notary public under the constitution or statutes of the state of Indiana? (2) If not, are they ineligible at common law?

Article 6, § 2, of the constitution, declares that there shall be elected in each county, by the voters thereof, a clerk of the circuit court, auditor, recorder, treasurer, sheriff, coroner, and surveyor. Section 3 declares that such other county and township officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law. Section 4 declares that no person shall be elected or appointed as a county officer who shall not be an elector of the county. Article 2, § 2, declares that only males, 21 years of age, are electors.

The first section of the act providing for the appointment of notaries public, and defining their powers and duties, (1 Ind. Rev. St. 634,) provides that such officers shall be appointed and commissioned by

*Reported by Chas. L. Holstein, United States Attorney.

the governor, upon a certificate of qualifications and moral charac-ter from the judge of the circuit or common pleas court of their counties, respectively, and shall, before they enter upon their duties as such, take an oath of office before the clerk of the circuit court of their counties, respectively, and file in his office, to be approved of by said clerk, an official bond. Section 5 of the same act confers power upon notaries to take and certify acknowledgments of deeds and other instruments of writing, to administer oaths generally, to take and certify depositions, and to do such acts as, by common law and the customs of merchants, they are authorized to do. Section 7 provides that no person holding a lucrative office, or being an officer in any bank or corporation possessed of any banking powers, shall be a notary pub-lic. Section 4 of a later act (1 Ind. Rev. St. 635) declares that the jurisdiction of a notary public shall be coextensive with the lim-its of states, but no notary shall be compelled to act beyond the lim-its of the county in which he resides.

The authority of notaries extends throughout the state, and they are not required by statute to be 21 years of age. But it is urged by counsel for defendant that under the constitution none but voters 21 years of age are electors; that no person not an elector can hold a county office; and that notaries are county officers. Notaries have nothing to do with the affairs of the county, and they discharge no duties as county officers. In taking and certifying acknowledgments of deeds and other written instruments, administering oaths, and in doing such acts as by common law and the customs of merchants they are authorized to do, they do not act as county officers. They are not needed in the administration of county affairs, and they are not county officers within the meaning of the constitution. There is nothing in the constitution or statutes of Indiana making infants ineligible to the office of notary public. Unlike most of the states, Indiana has not declared, in her constitution or statutes, that only those who have attained the age of 21 years shall be eligible to any public or civil office.

While at common law persons are not admitted to full enjoyment of civil and political rights until they have attained the age of 21 years, yet infants are capable of executing mere powers, and, as agents, of making binding contracts for others. In England they are allowed to hold the offices of park-keepers, foresters, jailer, and mayor of a town; and in both England and this country they are capable of holding and discharging the duties of such mere ministerial offices as call for the exercise of skill and diligence only. They are not eligible

to offices which concern the administration of justice, on account of their inexperience, and want of judgment and learning. *King* v. *Dilliston*, 2 Mod. 222; Tyler, Infancy & Cov. § 78.

Stevens T. Mason was appointed secretary of the territory of Michigan by President Jackson in 1831, when he was but 19 years of age, and while yet an infant he became acting governor, and the vigor and wisdom which he displayed in these offices vindicated the propriety of his appointment. Other instances might be cited in which infants have discharged the duties of purely ministerial offices which did not concern the administration of justice. It need hardly be said that the office of notary public is ministerial, and that it does not concern the administration of justice.

Demurrer sustained.