FREEMAN v. PORT ARTHUR RICE & IRRIGATION CO. (No. 124.)

(Court of Civil Appeals of Texas. Beaumont. April 27, 1916.)

1. GARNISHMENT ☞88 — PROCEEDINGS TO PROCURE—AFFIDAVIT—RESIDENCE OF GARNISHEE.

An allegation that a corporation does business in a county, and that a named person is its president, is not equivalent to an allegation of residence in the county within Vernon's Sayles' Ann. Civ. St. 1914, art. 273, requiring such allegation in an affidavit for garnishment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160–166; Dec. Dig. ☞88.]

2. AFFIDAVITS ☞5 — PROCEEDINGS TO PROCURE—AUTHORITY OF OFFICER.

An affidavit for garnishment is not insufficient because the notary, before whom it was executed, was under 21 years of age.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 18–27; Dec. Dig. ☞5.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by C. L. Freeman against the Port Arthur Rice & Irrigation Company, garnishee. From a judgment for the garnishee, plaintiff appeals. Affirmed.

Howth & Adams and F. G. Vaughn, all of Beaumont, for appellant. Smith, Crawford & Sonfield and B. F. Pye, all of Beaumont, for appellee.

BROOKE, J. This is a suit in garnishment. The original cause out of which arose this suit and garnishment was filed in the county court at law of Jefferson county, on or about the 28th of December, 1914, by C. L. Freeman, as plaintiff, against Paul A. Luhn, as defendant, to recover certain indebtedness alleged to be due and owing plaintiff by defendant. Plaintiff, in said original suit, filed his affidavit, purporting to be in accordance with statutory requirements, against Port Arthur Rice & Irrigation Company, as garnishee, defendant. Thereafter Port Arthur Rice & Irrigation Company, as garnishee, filed its motion to quash said garnishment. The grounds of said motion to quash were: (1) That the application for garnishment filed failed to state the residence of garnishee, or that the garnishee had an office or place of business in Jefferson county, Tex., or anywhere else, or an agent in Jefferson county; (2) that the notary public, before whom said affidavit was made, was without authority to take affidavits, and make certificates thereto, and that therefore said application was void; (3) that the application for writ of garnishment was not sworn to, as required by law, because the person taking the affidavit was not a person authorized by law to take affidavits, and that said affidavit was not verified under oath as required by law. On the 8th day of November, 1915, the court sustained the motion and quashed said garnishment, and ordered that the garnishee recover costs and attorney's fees in the sum of $15 for answering in said garnishment. Appellant, C. L. Freeman, filed his motion to set aside the judgment sustaining the motion of said garnishee to quash the affidavit and application, and all garnishment proceedings thereunder, and to grant him a new trial, claiming that the writ and affidavit and application for writ of garnishment was in all respects in compliance with the provisions of the statute. The court overruled appellant's motion, and the case is properly before this court for adjudication.

Appellant, by his first assignment of error, challenges the action of the lower court in refusing to set aside the judgment entered in said cause, sustaining the garnishee's exception to said writ of garnishment, and quashing said affidavit, for the alleged reason that said action and ruling of the court is contrary to the law, and because said writ in all respects complies with the provisions of the statute, and is not subject to any of the objections urged against it.

[1] The allegations in the affidavit for the writ of garnishment, with respect to residence, are as follows:

"Plaintiff says that he has reason to believe and does believe, that the garnishee, Port Arthur Rice & Irrigation Company, a private corporation doing business in Jefferson county, Tex., of which W. S. McReynolds is president, has in its possession effects belonging to the defendant."

Article 273, Vernon's Sayles' Texas Civil Statutes, provides:

"Before the issuance of a writ of garnishment, the plaintiff shall make application therefor in writing, under oath, signed by him, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe, and does believe, that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his hands effects belonging to the defendant, or that the garnishee is an incorporated or joint-stock company, and that the defendant is the owner of shares in such company or has an interest therein."

As early as the 43 Tex. 553, Chief Justice Roberts, in the case of Johnson v. McCutchings & Co., used the following language:

"The affidavit made to procure the garnishment does not state that a judgment had been rendered nor that Johnson resided in Rush county, nor do either of these facts appear in any part of the transcript upon which the judgment by default was rendered."

In the case of Harrington v. Edrington, 38 S. W. 246, the court held:

"A writ of garnishment, issuing out in one of the district courts of Tarrant county, was served on appellee, as garnishee, in that county. The affidavit for garnishment failed to state the residence of the garnishee. Nor was any written application for the issuance of the writ made, stating such residence. The special exception of the garnishee to the writ for want of such allegation was sustained, and the garnishment quashed. If this ruling was correct, the judgment should be affirmed. The statute does not authorize the issuance of the writ until after the plaintiff makes a written application, under oath, stating, among other things, the residence of the garnishee. * * * So important is this allegation that the prescribed form of the writ recites it as a prerequisite. * * * It is therefore not within the power of the courts to dispense with it, and it seems to have been so ruled in Johnson v. McCutchings, 43 Tex. 553. It is immaterial that his residence was in Tarrant county, as was shown after the ruling on the exception."

In the case of Smith et al. v. Wallis et al., 45 S. W. 820, it is held:

"The appeal in this case was from a judgment of the court below, quashing a writ of garnishment sued out by the appellants, Smith Bros., against Wallis, Landes & Co., upon a judgment in favor of appellants against Carey Hawkins and Creacy Hawkins. The application for the writ alleged: 'That plaintiffs and deponent have reason to believe, and do believe, that Wallis, Landes & Co., a mercantile firm, residing and doing business in the city of Galveston, state of Texas, are indebted to the defendants, and that they have in their hands effects belonging to the defendants; wherefore defendants prayed for writs of garnishment to issue against said Wallis, Landes & Co., and for further proceedings thereon, as in like cases provided by law.' A writ of garnishment was issued, which recit-

ed that the plaintiffs 'have applied for writs of garnishment against Wallis, Landes & Co., a mercantile firm, residents of the city of Galveston, in the county of Galveston, in the state of Texas,' and commanded that Wallis, Landes & Co. be summoned to appear, etc. Copies of the writ were served on J. E. Wallis and H. A. Landes, Joseph E. Wallis, Henry A. Landes, and Chas. L. Wallis answered the writ, as partners in trade, under the firm name of Wallis, Landes & Co., and pleaded that neither of the writs showed either any application by the plaintiff for a writ of garnishment against the individuals composing the firm of Wallis, Landes & Co., or any command to summon the individuals composing said firm, and further alleged that they were advised and informed that the garnishment suit was not properly brought against the firm of Wallis, Landes & Co., and of this they prayed judgment of the court. They then answered as to the indebtedness, etc., and concluded with the prayer that the firm of Wallis, Landes & Co. and the individual members thereof might be discharged, with their costs. * * * With leave of the court, the plaintiffs filed trial amendment to the original affidavit for garnishment, in which they alleged that the firm of Wallis, Landes & Co. was a mercantile firm, composed of Joseph E. Wallis, Henry A. Landes, and Chas. L. Wallis, etc. The court below sustained the motion to quash, and discharged the garnishees.

"The statute requires the application for garnishment to set out the name and residence of the garnishee. * * * This the application failed to do, and was properly quashed. [We think using] the name of the mercantile firm, without giving the names of the persons who composed the firm, is not a compliance with the statute that requires the name of the garnishee to be stated. The affidavit could not be amended."

Is the allegation of the affidavit in the instant case that the garnishee was doing business in Jefferson county, Tex., substantially the same as alleging that the garnishee was a resident of Jefferson county, Tex.? It is earnestly insisted that a substantial compliance with the statute is all that is necessary, and that the sole purpose of this particular requirement of the statute as to alleging the residence of the garnishee was merely to direct the clerk of the court where to send the writ, and get service on the garnishee, and attention is called to the case of Lash v. Morris County Bank, 54 S. W. 806. In that case the motion to quash the affidavit was because the affidavit for garnishment fails to allege the residence of the garnishee, the Pacific Express Company, and does not allege that it had, or maintained, an office, or transacted any business, or had an agent representing it, in Morris county. The averments with reference to the matter were as follows:

"That he has reason to believe, and does believe, that the Pacific Express Company, a corporation which has a local agent who resides in Morris county, in the state of Texas, is indebted to the said defendant, and that it has in its hands effects belonging to said defendant," etc.

The court, in passing upon that case, said:

"A local 'agent,' whose residence in Morris county is alleged, must certainly be held to be a 'representative,' within the meaning of the law; and if this allegation was true the cita-tion to Morris county was authorized, and upon proper service the court acquired jurisdiction to compel answer and proceed to judgment."

Continuing, the court says:

"The residence of the agent, for the purposes of this suit may be accepted as the residence of his principal, the Pacific Express Company"

—and cites the case of Hunt v. Railway Co., 28 S. W. 460, where it was held that the allegation and proof of the residence of an agent in El Paso county would be deemed the residence of the railway company, within the meaning of articles 1393, 1394, Rev. Stat. (articles 2090, 2091, Vernon's Sayles' Civil Statutes), relating to citations in error.

Attention is called also to the case of Dickerson v. Central Texas Grocery Co., 147 S. W. 695. The court, in passing on that case, used the following language:

"The second assignment of error complains that the court erred in refusing to sustain J. L. Dickerson's motion to quash the writ of garnishment herein, because the affidavit and application therefor failed to state the residence of the alleged agents of the garnishee. We do not think this assignment should be sustained. The application for the writ of garnishment, among other things, alleged: 'That affiant has reason to believe, and does believe, that the Niagara Fire & Ins. Company of New York, a corporation duly and legally incorporated, and who has as its local agents at Athens, * * * Tex., Carroll & Ferrell, a firm composed of W. T. Carroll and A. S. Ferrell, is indebted to defendant.' It is not alleged in terms in the application that the agent of the garnishee named therein resides in Henderson county, but we think the language used is equivalent to such an allegation and substantially meets the requirements of the statute."

We believe that the holding of the court in each of the two last-named cases is correct, but no such allegation is found in the instant case. The only allegation is that garnishee, naming it, is a private corporation doing business in Jefferson county, of which a known person is president. This is a mere statement that the garnishee is doing business in Jefferson county, Tex.

In the case of Mangum v. Lane City Rice Milling Co., 95 S. W. 605, the petition alleged the residence of the plaintiff to be in Matagorda county, and that defendant had a domicile in Harris county, but was doing business in Matagorda county, and that G. Mermilliod was its agent in said county. The defendant filed its plea of privilege to be sued in the county of its domicile. The evidence introduced on the question of venue was as follows:

"The only evidence introduced upon the issues raised by the plea was the testimony of defendant's manager. This testimony was addressed exclusively to the issue of whether the defendant had an agent in Matagorda county at the time the suit was brought. The witness swore positively that the allegations of plaintiff's petition that Mermilliod was defendant's agent in Matagorda county, and that he had an office and place of business in said county, was untrue. Upon cross-examination he testified as follows: 'I know Mr. Mermilliod. He has been in the employ of the company about a year, not quite a year. His duties were to buy and so-

licit shipments of rice for the company. He bought and solicited rice shipments, during the season of 1904, in Matagorda county, Tex., and in every county where we knew that any rice was raised. This was one of the points where he represented us in the purchase and shipment of rice to the mill. He represented us all over the rice district. He was not located here at all during the season. I could not say what part of his time he was here when representing the company in the purchase and shipment of rice during the season. He would drop in here for a day maybe and then go on to El Campo, Victoria, Cuero, and different places. He might be here sometimes two or three days, and then would not be here for two or three weeks, and that continued during the entire rice season of last year. He represented this company when it procured the . shipment of the plaintiff's rice to our mill. We accepted that rice under his shipment to us, and we made the advances to the plaintiff that he had promised.'

"The trial court erred in not sustaining plaintiff's exception to the plea of privilege. Under section 23, art. 1194, suits against private corporations may be brought in any county in which the cause of action, or a part thereof, arose, and it is well settled that a cause of action growing out of a breach of contract arises in part in the county in which the contract was made, although the breach may wholly occur in a different county. A cause of action consists of the right of the plaintiff, as well as of the injury to that right, and when the right arises from or is based upon a contract, such right comes into existence at the time and place of the making of the contract, and it necessarily follows that a cause of action growing out of a breach of contract arises, or comes into existence, in part, at the place at which the contract was made. * * * We think the evidence conclusively shows that defendant did not have an agency or representative in Matagorda county within the purview of section 23, art. 1194, of the statute, and plaintiff's right to sue in that county cannot be maintained on the ground of such agency. The agent Mermilliod was a traveling purchasing agent or solicitor, of defendant, and the fact that he may have frequently gone to Matagorda county and have remained there for a week or two at a time would not constitute him the local representative of the defendant in said county, nor establish the fact that defendant had an 'agency' in said county as that term is used in the statute."

The allegation in the instant case that the garnishee was doing business in Jefferson county does not imply, in the case of a corporation, that it has its domicile in the county, or that it has a local agent residing in the county. It would serve no useful purpose for us to lengthen this opinion, as, from the view we take of it, there was no error committed by the lower court in quashing said garnishment proceedings.

[2] The second proposition under appellant's first assignment is that the officer, A. L. Stevens, before whom the affidavit was made, was duly qualified as a notary public, having full authority to make the certificate and take the affidavit, and that said application and affidavit was duly verified before said notary public, as required by law. It seems that the court below tried the issue as to whether or not the notary public in question was qualified to take affidavits on the following agreed statement of facts: That the notary, A. L. Stevens, was a duly appointed notary, and qualified by executing a bond before the county clerk of Jefferson county, as required by law, and also taking the oath of office prescribed by the Constitution, and was at the said time, and had been for more than a year, acting as a notary public, and constantly and habitually performed the functions and duties of a notary public in Beaumont, Jefferson county, Tex., but that said A. L. Stevens was then not of age, but was still a minor under 21 years of age. It has been held that there is nothing in the Constitution or statutes in the state of Indiana making minors ineligible to the office of notary, and such office is not a county · office, within the meaning of the limitation wherein it provides that none but electors shall hold office. United States v. Bixby (D. C.) 9 Fed. 78. It has also been held that one who has been commissioned as a notary and has taken the oath of office, and has been acting as a notary for many years, and has the reputation of being such in the community in which he lives, but has failed to file his oath of office in the office of the secretary of state and of the clerk of the county court, and has also failed to renew his bond after 5 years, as required by law, is a notary de facto, and acts passed before him have the same validity as acts passed before a notary de juris. As before stated, the affidavit was defective because not alleging the residence of the garnishee, but is not defective on account of the fact that the notary before whom the affidavit was made was under 21 years of age.

After a careful examination of the record, we can find no error in the action of the lower court in quashing the writ of garnishment. The case is therefore in all things affirmed. It is so ordered.