

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Clifford S. Roe
County Attorney
Panola County
Carthage, Texas

Dear Sir:

Opinion No. O-7089

Re: Would a person twenty years
of age, who has had his dis-
abilities removed and who will
be twenty-one years of age on
December 24, 1946, be eligible
to run for District Clerk of
Panola County, Texas, in the
coming elections?

We have your request for our opinion on the above question, said request reading as follows:

"I would like to have your department pass upon a question for me at your earliest conven-ience, and the facts are as follows:

"A certain young man in Panola County, Texas, who is an ex-soldier wants to run for a county office. At the present time, he is 20 years of age but will be 21 years of age on December 24, 1946. This young man has previously had his dis-abilities removed which makes him of full age for all purposes with the exception of voting under Art. 5921.

"What I would like to know is, would this young man be eligible to seek election to a county office? And if so, if elected, would he be allowed to quali-fy for said office?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Clifford S. Roe, page 2

Upon receipt of said request, we wrote to you and asked what office said person had in mind to run for, and you replied that he wanted to seek election to the office of District Clerk of Panola County, Texas.

The general rules as to who are eligible to hold office in this State are laid down in 34 Tex. Jur., pp. 341-3, in the following language:

"Eligibility to office belongs equally to all persons not excluded by the Constitution or statutes, and not exclusively or specially to persons enjoying the right of suffrage; and disability to hold office is not to be imposed on any citizen except under authority given by law. The Legislature may not change or add to qualifications for an office, nor take away disqualifications, that are prescribed by the Constitution.

"Under the Constitution no religious test may be required as a qualification to any office, and no one can be disqualified from holding office on account of his religious sentiments, provided he acknowledges the existence of a Supreme Being. The following persons are disqualified from holding any office of trust or profit in the State: persons convicted of having given or offered a bribe to procure election or appointment to office; persons who have fought or sent or accepted a challenge to fight a duel with deadly weapons, or who have knowingly assisted in any manner those thus offending; and persons who at any time may have been collectors of taxes or been otherwise entrusted with public money until they shall have obtained a discharge for the amount of such collections or for all public moneys with which they may have been entrusted. The Constitution further provides that laws shall be made to exclude from office persons convicted of bribery, perjury, forgery or other high crimes.

"By statute it is provided that no person shall be eligible to any state, county, precinct or municipal office unless he shall be eligible to hold office under the Constitution; and certain general qualifications as to the residence and citizenship of such officers are prescribed. The statute further provides that no person

Hon. Clifford S. Roe,   page 3

ineligible to hold office shall ever have his name placed
upon the ballot at any general, special or primary elec-
tion, or be voted upon, or have votes counted for him;
prohibits the issuance of a certificate of election or
appointment to any such person; and authorizes the Dis-
trict Court to issue writs of injunction and all other
necessary process to enforce these provisions.  When the
penalty for an offense is deprivation of civil rights,
such rights are intended, according to the Penal Code,
to include the right of holding office.

"In addition to the general provisions above re-
ferred to, the Constitution and statutes prescribe various
qualifications for certain particular officers."

Article 5, Section 9 of the Constitution of Texas is as
follows:

"There shall be a Clerk for the District Court
of each county, who shall be elected by the qualified
voters for the State and county officers, and who shall
hold his office for two years, subject to removal by
information, or by indictment of a grand jury, and
conviction by a petit jury.  In case of vacancy, the
judge of the District Court shall have the power to
appoint a clerk, who shall hold until the office can
be filled by election."

Article 1894, Vernon's Annotated Civil Statutes, is as
follows:

"A clerk of the district court of each county shall
be elected at each general election for a term of two
years.  Each such clerk shall have power to administer
oaths and affirmations required in the discharge of
their official duties, to take the depositions of wit-
nesses, and generally to perform all such duties as are
or may be imposed upon them by law."

Article 2927 is as follows:

"No person shall be eligible to any State, county,
precinct or municipal office in this State unless he
shall be eligible to hold office under the Constitution
of this State, and unless he shall have resided in this
State for the period of twelve months and six months in
the county, precinct, or municipality, in which he offers
himself as a candidate, next preceding any general or
special election, and shall have been an actual bona

Hon. Clifford S. Roe, page 4

fide citizen of said county, precinct, or munici-
pality for more than six months. No person ineligible
to hold office shall ever have his name placed upon
the ballot at any general or special election, or
at any primary election where candidates are selected
under primary election laws of this State; and no such
ineligible candidate shall ever be voted upon, nor have
votes counted for him, at any such general, special, or
primary election."

Article 5921 is as follows:

"Minors above the age of nineteen years, where it
shall appear to their material advantage, may have their
disabilities of minority removed, and be thereafter held,
for all legal purposes, of full age, except as to the
right to vote."

The question asked by you does not appear to have been
passed upon by any of our courts, but in the case of Harkreader
v. State, 33 S. W. 117, the court was considering whether a minor
could legally act as deputy county clerk and the following prin-
ciples of law were there laid down which are applicable here:

"The principal ground of contention on the part
of appellant why this case should be reversed is be-
cause the deputy clerk, O. L. Bishop, before whom said
affidavit was made, was not at the time 21 years of age;
that he was at said date only 20 years old. The grounds
urged by appellant are: First, because it appeared that
O. L. Bishop, the party who administered said oath as
deputy county clerk, was at said time a minor, under 21
years of age, and could not act as deputy county clerk,
and that the affidavit was therefore void; second, be-
cause, said affidavit not being one required to be taken
by the county clerk in the discharge of his official duty,
the deputy could not take the same for the county clerk.
Our statute defining perjury and false swearing requires
that the oath shall be taken before an officer authorized
to administer oaths, and if a minor, under the laws of
this state, can be appointed a deputy county clerk, then
it follows that he is such an officer as can administer
an oath. Our statutes with reference to county clerks
and the appointment of deputies, so far as they bear
upon this question, are as follows: Article 1142,
Sayles' Civ. St., provides that there shall be a county
clerk for each county, who shall be elected at a general

Hon. Clifford S. Roe, page 5

election for members of the legislature by the qualified voters of such county, who shall hold his office for two years, and until his successor shall have duly qualified. Article 1144, Id., indicates the form of bond and oath required. Article 1145, Id., authorizes the clerk of the county court to appoint one or more deputies, by written appointment under his hand and seal of court, which appointment shall be recorded in the office of such clerk of the county court, and shall be deposited in the office of the clerk of the district court. Article 1146, Id., is as follows: 'Such deputies shall take the oath of office prescribed by the constitution. They shall act in the name of their principal, and may do and perform all such official acts as may be lawfully done and performed by such clerk in person.' Article 1149, Id., says that such clerk shall be authorized to issue all marriage licenses, to administer all oaths and affirmations, and to take affidavits and depositions to be used as provided by law in any of the courts. There is no statute defining the qualifications of deputy clerks, or what character of persons may be appointed to said office. Article 2471, Sayles' Civ. St., defines who are minors, making all male persons under 21 years of age minors. Article 3361a et seq., Sayles' Civ. St., regulates the removal of the disabilities of minors, and authorizes the district courts, on petition setting up sufficient grounds, to remove the disabilities of minors over the age of 19 years; and provides that after such adjudication the minor shall be deemed of full age for all legal purposes, except that he shall not have the right to vote. We have examined the decisions of our own courts, but we can find but one bearing upon the subject now under consideration. Stensoff v. State, 80 Tex. 429, 15 S. W. 1100. Looking into the decisions of the courts of other states as to this and kindred subjects, we find the rule stated to be this: If the office is ministerial, such as calls for the exercise of skill and diligence only, minors may legally hold the same, and execute the duties thereof; but if the office is a judicial one, or one which concerns the administration of justice, on account of their inexperience and want of judgment and learning they cannot be appointed to same. In Golding's case, 57 N. H. 146, which is relied on by counsel for appellant, the rule is stated as above. In that case, however, it was held that a minor could not hold the office of justice of the peace, the same being a judicial office. In the case of U. S. v. Bixby, 9 Fed. 78, the indictment

Hon. Clifford S. Roe,   page 6

charged that the defendant committed perjury in swearing to the truth of a quarterly report as assignee in bankruptcy, before Auretus W. Hatch, a notary public. The defendant set up that the said Hatch was a minor under 21 years of age, and could not hold the office of notary public, and so the oath taken before him was not before an officer authorized to administer oaths.  The court held in that case that there was nothing in the statutes of Indiana inhibiting minors from holding the office of notary public; that, the notarial office being ministerial, and not judicial, the rule at common law would govern.  The court further says:  'Unlike most of the states, Indiana has not declared, in her constitution or statutes, that only those who have attained the age of twenty-one years shall be eligible to any public or civil office. While at common law persons are not admitted to the full enjoyment of political and civil rights until they have attained the age of twenty-one years, yet infants are capable of executing mere powers, and, as agents, of making binding contracts with others.  In England they are allowed to hold the offices of park keepers, foresters, jailer, and mayor of a town; and in both England and this country they are capable of holding and discharging the duties of such mere ministerial offices as call for the exercise of skill and diligence only.  They are not eligible to the offices which concern the administration of justice, on account of their inexperience and want of judgment and learning,' --referring to Rex. v. Dilliston, 3 Mod. 222; Tyler, Inf. § 78.  In Wilson v. Genesee Circuit Judge, 87 Mich. 493, 49 N. W. 869, the question was whether a woman could be appointed to the office of deputy county clerk.  The statutes of that state in regard to the qualifications of clerks and deputies are very similar to our own statutes on the subject.  The court holds in that case that the office of county clerk is wholly ministerial, and when the law provides that a ministerial officer may appoint a deputy, for whose acts he and his sureties are responsible, and does not limit or restrict him as to whom he appoints, he has authority to appoint whomsoever he pleases.  The person appointed acts for him; or, in other words, he acts through his deputy.  His choice is not confined to any race, sex, age, or color. In the case of Jeffries v. Harrington, 11 Colo. 191, 17 Pac. 505, cited in the above case, the supreme court of the State of Colorado held that, under a provision of

Hon. Clifford S. Roe,   page 7

the constitution of said state, which provided that 'no person except a qualified elector shall be elected or appointed to any civil or military office in this state,' the word 'office,' as used therein, did not include deputy clerkships of county courts, and women may hold such deputy clerkships.  These authorities seem to stand upon correct legal principle.  Our own supreme court, in the case of Stensoff v. State, already cited, held that a citizen of the state moving from Harris to Liberty county, within so short a time before the election as not to be a qualified voter at such election in the latter county, still was eligible to election, and could hold the office of tax assessor in Liberty county,  In dis-cussing the question the court quotes with approval from Barker v. People, 3 Cow. 703, as follows:  'Eligibility to office is not declared as a right or principle by any express terms of the constitution (of New York), but it rests as a just deduction from the express powers and provisions of the system.  The basis of the principle is the absolute liberty of the electors and the appointing authorities to choose and appoint any person who is not made ineligible by the constitution.  Eligibility to office, therefore, belongs not exclusively or specially to electors enjoying the right of suffrage.  It belongs equally to all persons whomsoever not excluded by the constitution.'   Our supreme court then proceeds to dis-pose of the question in the following language:  'When a constitution has been framed which contains no provision defining in terms who shall be eligible to office, there is strength in the argument that the intention was to confide the selection to the untrammeled will of the electors.  Experience teaches us that in popular elec-tions those only are elected who are in sympathy with the people, both in thought and aspirations; and that no law is needed to secure the election of those only who reside in the county or district in which their functions are to be performed.  The constitution of 1869 contained the provision "that no person shall be eligible to any office, state, county, or municipal, who is not a registered voter in the state."  Article 3, Sec. 14.  The omission of a similar article in our present constitution is not without significance.'

"It is to be observed, as before stated, that neither our constitution nor laws on the subject prescribe any qualification such as would render a minor ineligible or disqualified from holding the office of deputy county clerk.  As to the clerk himself, there might be some question, as he is required to execute a bond, which might involve the capacity to so contract, but there is no such requirement as to deputy county clerks.  The

authorities cited establish the doctrine that, if the
duties of deputy county clerk, under the provisions of
our statute, are ministerial, a minor can receive the
appointment, and execute the duties required of said
deputy.  The duties of county clerks in our state are
regulated by statute, and they appear to be purely
ministerial; and, in addition to their other functions,
as has been seen, they have the general power to ad-
minister all oaths and affirmations, and to take
affidavits and depositions to be used as provided by
law in any of the  courts.  Sayles' Civ. St. art. 1149.
Deputies are authorized to act in the name of their
principal, and to do and perform all such official acts
as may be legally done and performed by such clerk in
person.  By virtue of his office the county clerk is
empowered to administer oaths and affidavits generally.
This power appertains to his office, and belongs to
his official duties, and his deputy, in this regard, has
such power and authority as he can exercise; and, in our
opinion, the appointment of O. L. Bishop, by the clerk
of the county court of Johnson County, as his deputy,
was a legal and valid appointment."

Ordinarily the duties of a clerk of a district court are
purely ministerial.  Benge v. Foster, et al, 47 S. W. (2d) 862.
Therefore, in view of the above provisions of the Constitution
and statutes and the construction placed on similar provisions
by the decision cited, it is our opinion that the young man
referred to in your request is eligible to seek election to the
office of District Clerk of Panola County, Texas, if he meets
the other requirements of the law in addition to those contained
in your request, and that he should be allowed to qualify for said
office, if elected.  We think this is especially true in view of
the fact that he will be twenty-one years of age prior to the
time he would be authorized under the law to qualify, which
would be January 1, 1947.  Article 2929a.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:LJ


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN