THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



JOHN L. HILL
ATTORNEY GENERAL

October 9, 1975

The Honorable Richard W. Carter
Office of the County Attorney
Hunt County
Third Floor, Courthouse Building
Greenville, Texas 75401

Opinion No. H- 713

Re: Validity of oaths administered by notaries who are between the ages of eighteen and twenty-one.

Dear Mr. Carter:

You ask whether oaths administered by notaries public eighteen years of age or older but under the age of twenty-one are valid if they were administered between August 27, 1973 and June 19, 1975.

Until recently the language of article 5949 provided that a notary public was required to be at least twenty-one years of age. See e.g., Acts 1943, 48th Leg., ch. 309, p. 459 (codified as V. T. C. S. art. 5949). On June 19, 1975, article 5949 was amended to expressly provide that a person need be only eighteen years of age to be appointed a notary public. Previously, however, on August 27, 1973, article 5923b, V. T. C. S., had become effective. It provides in part:

> Section 1. The purpose of this Act is to extend all the rights, privileges, and obligations of majority to all persons who are at least 18 years of age. It shall be construed liberally to accomplish that purpose.

> Section 2. Notwithstanding any statutory or decisional law, or any rule, regulation, or ordinance of this state or of any political subdivision or incorporated city or town of this state, a person who is at least 18 years of age has the rights, privileges, and obligations of a person who is 21 years of age. A law, rule, regulation, or ordinance which extends a right, privilege, or obligation to a person on the basis of a minimum age of 21, 20, or 19 years shall be interpreted as prescribing a minimum age of 18 years. . . ..

The issue is whether this statute effectively lowered the qualifying age for notaries public from twenty-one to eighteen as of August 27, 1973. We have previously said that the clear language of that article indicates that any law extending a right, privilege or obligation to a person on the basis of a minimum

age of twenty-one is to be interpreted as prescribing a minimum age of eighteen. Attorney General Opinions H-687(1975); H-301(1974); H-82(1973). Accordingly, it is our opinion that beginning August 27, 1973, a person who was eighteen years of age could be appointed as a notary public and that any oaths he might administer would not be subject to challenge on the basis of his age.  And see Freeman v. Port Arthur Rice and Irrigation Co., 188 S.W. 444 (Tex. Civ. App. --Beaumont 1916, no writ) which indicated that an affidavit was not defective because the notary before whom it was administered was under twenty-one years of age.

## SUMMARY

Beginning August 27, 1973, persons who were at least eighteen years of age were eligible for appointment as a notary public.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: