DICKERSON et al. v. CENTRAL TEXAS GROCERY CO.

(Court of Civil Appeals of Texas. Dallas. May 11, 1912.)

1. GARNISHMENT (§ 108*) — PRIORITY OVER ASSIGNMENT.

In an action on a note wherein plaintiff garnished the proceeds of an insurance policy, a plea in abatement filed by defendant's brother on account of another action brought by him against the insurance company in which he claimed as an assignee of the insurance was properly overruled where the suit on the note was brought and garnishment issued before the other suit was brought.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 220–226; Dec. Dig. § 108.*]

2. GARNISHMENT (§ 88*) — AFFIDAVIT.

An affidavit for garnishment stating that affiant believed that the garnishee, a corporation, had as its local agents at a specified place within the state a firm composed of specified persons, etc., sufficiently stated the residence of the agents.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160–166; Dec. Dig. § 88.*]

3. WITNESSES (§ 240*) — EXAMINATION OF WITNESSES—LEADING QUESTIONS.

Exclusion of a proper question asked a witness in chief was not justified because a similar question which was leading had just been excluded.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 837–839, 841–845; Dec. Dig. § 240.*]

4. FRAUDULENT CONVEYANCES (§ 292*)—EVIDENCE—ADMISSIBILITY.

Where in an action on a note plaintiff garnished the proceeds of an insurance policy which defendant's brother claimed under an assignment, the vital issue was whether the assignment was fraudulent, it was error to refuse to permit the brother to state what caused him to have the assignment prepared.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 857–861; Dec. Dig. § 292.*]

5. FRAUDULENT CONVEYANCES (§ 271*) — INTENT TO DEFRAUD—BURDEN OF PROOF.

In an action on a note wherein plaintiff garnished the proceeds of an insurance policy which defendant's brother claimed under an assignment, the burden was on plaintiff to show that the assignment was fraudulent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 796–798, 821; Dec. Dig. § 271.*]

Appeal from Navarro County Court; J. M. Blanding, Judge.

Action by the Central Texas Grocery Company against J. L. Dickerson and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Gibson & Johnson and J. N. Starr and A. B. Watkins, both of Athens, for appellants. McClellan & Prince, Callicutt & Call, and W. W. Ballew, all of Corsicana, for appellee.

TALBOT, J. On the 15th of January, 1908, the appellee, the Central Texas Grocery Company, filed its suit against the appellant J. L. Dickerson in the county court of Navarro county, Tex., to recover judgment upon a promissory note executed by J. L. Dickerson on the 25th day of October, 1907, payable to the Central Texas Grocery Company, said note being for the sum of $490.91, with 10 per cent. interest from the 1st of October, 1907, due November 1, 1907; also providing for 10 per cent. attorney's fees, said note payable at Corsicana, Tex. At the same time affidavit for garnishment was made against the Niagara Fire Insurance Company of New York, garnishee, a corporation, represented by its local agents at Athens, in Henderson county, Tex. The writ of garnishment was issued out of the county court of Navarro county on the 15th day of January, 1908, and was served and

executed on the 16th day of January, 1908. Thereafter on the 20th day of January, 1908, the appellant John T. Dickerson, brother of J. L. Dickerson, filed a suit in the district court of Henderson county against the Niagara Fire Insurance Company to recover the sum of $850, which sum the Niagara Fire Insurance Company had agreed to pay in full settlement of a loss sustained under its fire policy No. 12026 covering property belonging to the said J. L. Dickerson; it being alleged that said policy and said sum of money had been transferred and conveyed by J. L. Dickerson to John T. Dickerson prior to the issuance and service of the writ of garnishment, in payment, or part payment, of a debt due by J. L. Dickerson to J. T. Dickerson.

It appears that on the 29th of January, 1908, the Niagara Fire Insurance Company answered the suit of J. T. Dickerson in the district court of Henderson county and set up the fact that it had been garnished at the instance of the Central Texas Grocery Company, by writ of garnishment issued out of the county court of Navarro county, Tex., in the said suit pending therein against J. L. Dickerson, and that after said garnishment had been served upon it, to wit, on January 17, 1908, it had received notice from the said John T. Dickerson that he was the owner of said policy. The Niagara Fire Insurance Company asked that the Central Texas Grocery Company and J. L. Dickerson be made parties to the suit in the district court of Henderson county in order that the rights of the different parties to the $850 might be determined therein, which was done. The Niagara Fire Insurance Company also answered in the suit in the county court of Navarro county, Tex., setting up the fact that, after it had been garnished at the instance of the Central Texas Grocery Company, it received notice from J. T. Dickerson of Henderson county that he claimed to be the owner of the fund admitted to be due upon the insurance policy, and that said John T. Dickerson had brought suit in the district court of Henderson county to recover said amount. The Niagara Fire Insurance Company further alleged, it seems, in both the suit of J. T. Dickerson against it in Henderson county, and in this suit, which was pending in Navarro county, in substance: That on January 15th the said Niagara Fire Insurance Company, through its proper agent, issued a draft payable to the order of the said J. L. Dickerson in payment of said loss, but that, before the draft left the possession of the said Niagara Fire Insurance Company, the said writ of garnishment herein was served on one of the agents of the said Niagara Fire Insurance Company. The garnishee further alleged that since the receipt of said writ of garnishment it has been advised that the said J. L. Dickerson had theretofore transferred the Niagara Fire In-

surance Company policy and the claim for $850 resulting therefrom, as hereinabove set out, to one J. T. Dickerson, who resided in Henderson county, Tex.; that said transfer is claimed to have been made on the 9th day of January, 1908. That the garnishee was not informed as to whether said transfer is valid and effectual to transfer title to said insurance policy to J. T. Dickerson or not, but it prays that the court hear testimony on that point. The garnishee further averred that it stood ready to pay to whomsoever may be entitled thereto the said sum of $850, but, inasmuch as the Central Texas Grocery Company is claiming that J. L. Dickerson is still the owner of the said policy, it was necessary in order to protect the garnishee from having to pay said sum more than once to have all parties interested before it. The garnishee further alleged that it was entirely indifferent as to which one of the parties aforesaid shall recover; that it is simply a stakeholder who desires to pay the money to whomsoever the court may decide that it may be due, and is seeking to only protect itself against having to pay twice said sum of money, and that it is desirous of depositing the said sum of $850 into court. The prayer was that J. T. Dickerson be made a party to this suit, which was done, to the end that the rights of all parties to said suit of $850 might be decided, and that a decree be rendered, directing the garnishee, the Niagara Fire Insurance Company, to whom said sum should be paid, and that it recover its costs, together with a reasonable attorney's fee, etc. J. T. Dickerson filed in this suit a plea setting up the pendency of the suit in Henderson county; and asked that this suit be abated because thereof. This plea was overruled and a trial upon the merits of the case resulted in a verdict and judgment in favor of the appellee, the Central Texas Grocery Company, and the appellants have appealed the case to this court.

[1] The first assignment of error assails the court's action in overruling J. T. Dickerson's plea in abatement. We shall not enter upon an elaborate discussion of the questions presented by the assignment at this time. That the equitable remedy of interpleader is recognized and allowed in this state, and that the garnishee's petitions filed in the instant case and in the suit in Henderson county, each alleged facts entitling it to the remedy is not denied, but for the purposes of this appeal is admitted. It may also be admitted that it is the right of the complainant in such a proceeding to select, if he does so in proper time, the forum, having jurisdiction of all the parties and the amount in controversy, in which to file his interpleader. The proceeding, however, is ordinarily commenced by original bill and not by way of a cross-action in a suit in which the complainant is a party defendant; but that the defendant or garnishee in

a suit pending may invoke and obtain, by a cross-bill in the nature of interpleader filed in such suit, such relief or protection as he would be entitled to in an original action instituted therefor cannot be successfully denied. But we are of opinion that the principle allowing complainant, who occupies the position of a stakeholder, to select the forum in which to have the conflicting claims of third parties to a fund in his possession determined is not applicable where, as in the present instance, the complainant is forced to set up in a suit in which he is a party defendant, for his protection in that suit, the facts constituting the grounds upon which his right of interpleader exists.

The Niagara Fire Insurance Company, garnishee in the case at bar, was sued by the appellant J. T. Dickerson in Henderson county, Tex., to recover the $850 involved in this controversy after that company had been served with the writ of garnishment sued out in that case, and the answer and cross-bill filed in the suit in Henderson county was necessary and forced upon it by reason of that suit. It cannot therefore be fairly and justly said, we think, that the answer of the Niagara Fire Insurance Company filed in the suit of J. T. Dickerson against it in Henderson county, interpleading in that suit the Central Texas Grocery Company and J. L. Dickerson, was voluntary on its part, and an election by it to have the district court of that county determine to which of the defendants the $850 due on the fire insurance policy issued to J. L. Dickerson belonged, and that therefore the county court of Navarro county, Tex., should not have assumed jurisdiction over the Niagara Fire Insurance Company and of the said $850 by reason of its answer to the garnishment issued in this suit and served upon it. Under the circumstances of this case, we think it quite clear that the county court of Navarro county, by reason of the suit of the appellee, the Central Texas Grocery Company against J. L. Dickerson filed in that court, and service of the writ of garnishment issued thereon on the Niagara Fire Insurance Company before the suit of the appellant J. T. Dickerson was instituted against said company in Henderson county, first acquired jurisdiction to hear and determine the matters in controversy in said suit, and appellants' first assignment of error will be overruled.

[2] The second assignment of error complains that the court erred in refusing to sustain J. L. Dickerson's motion to quash the writ of garnishment herein, because the affidavit and application therefor failed to state the residence of the alleged agents of the garnishee. We do not think this assignment should be sustained. The application for the writ of garnishment among other things alleged: "That affiant has reason to believe, and does believe, that the Niagara Fire Insurance Company of New York, a corporation duly and legally incorporated, and who has as its local agents at Athens, Henderson county, Tex., Carroll & Ferrell, a firm composed of W. T. Carroll and A. S. Ferrell, is indebted to defendant," etc. It is not alleged in terms in the application that the agents of the garnishee named therein reside in Henderson county, but we think the language used is equivalent to such an allegation and substantially meets the requirements of the statute.

It is also contended that the garnishment proceedings should have been quashed by the trial court because of the insufficiency of the bond. In this contention we do not concur. We think the bond is conditioned as required by the statute, and, while the form or construction of it may be subject to some criticism, there is no such defect in it as would authorize the quashing of the garnishment proceedings.

[3, 4] While the appellant J. T. Dickerson was on the witness stand, he was asked by his counsel the following question, "What were your intentions, and what caused you to have prepared this assignment of this $850 insurance policy in the Niagara Fire Insurance Company of New York?" and, upon objection being made that the question was leading and suggested the answer desired, the same was sustained. The witness was then asked, "What were your intentions when you asked to have that transfer made?" and to this question the same objections were made and sustained. These rulings of the court are assigned as error, and we think the assignments are well taken. Neither of the questions is leading, and, had the witness been permitted to testify, his answer to the first question would have been, "To collect the debt due me by my brother," and to the second question his answer would have been, "To collect an honest debt." That a similar question which was leading was asked and objection thereto sustained immediately before either of these questions was propounded did not, in our opinion, justify the exclusion of this testimony. The purpose of the appellant J. T. Dickerson in taking a transfer of the insurance policy, or the amount agreed to be paid thereon, whether to collect a just debt due him by his brother J. L. Dickerson or to enable the said J. L. Dickerson to fraudulently place the same beyond the reach of his bona fide creditors, was the vital question in the case, and the testimony sought to be elicited was both competent and material on that issue. Sweeney v. Conley, 71 Tex. 543, 9 S. W. 548; Hamburg v. Wood, 66 Tex. 168, 18 S. W. 626.

[5] The appellant J. T. Dickerson requested the court to charge the jury as follows: "You are instructed that the burden of proof is on the plaintiff to show that the alleged assignment to J. T. Dickerson was fraudulent, and, unless you believe from a preponderance of the evidence in this case that

said transfer was fraudulently made, then you will find for the defendant J. T. Dickerson." This charge was refused and at the request of the plaintiff the jury were instructed that the burden of proof was upon the defendant J. T. Dickerson to establish by a preponderance of the evidence the justness and genuineness of the transfer from J. L. Dickerson to himself, and that, if he had failed to do so, to find for the plaintiff. The refusal of the one and the giving of the other of these charges is complained of by appellant J. T. Dickerson and properly assigned as error, and we think the assignments must be sustained. The special charge requested by the appellant was a correct and proper charge, while the instruction given at the request of the appellee, which in effect placed the burden of proof on appellant J. T. Dickerson to establish by a preponderance of the evidence that the transfer of the insurance policy, or the proceeds thereof, by J. L. Dickerson to J. T. Dickerson, was not made with the intent to defraud the creditors of the said J. L. Dickerson, was positively erroneous, and the error and probable prejudicial effect thereof was not cured and removed by other charges of the court.

Appellee alleged among other things that, if the transfer or assignment of the insurance policy had been made by J. L. Dickerson to J. T. Dickerson, the same was fraudulent and void; that it was not in fact made until after the suing out and service of the writ of garnishment, and was the result of collusion on the part of the said J. L. Dickerson and J. T. Dickerson to fraudulently prevent appellee from collecting the debt owed it by J. L. Dickerson. Now the burden of proof to establish fraud is on the party who alleges it, and, appellee having alleged a fraudulent transfer of the insurance policy by J. L. Dickerson to the appellant J. T. Dickerson, the burden was on it to show that fact. Whether such was the character of the transfer was a controverted issue in the case, and it cannot be said that the charge was harmless.

The assignments not discussed point out no reversible error and will be overruled.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.