## C. E. HARRIS & CO. v. C. B. COZART GRAIN CO. (No. 797.)

(Court of Civil Appeals of Texas. Amarillo. May 29, 1915. Rehearing Denied June 19, 1915.)

GARNISHMENT 🔑88 — APPLICATION — SUFFICIENCY—STATUTE—"LOCAL AGENT."

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 273, requiring that an application for garnishment shall state the residence of the garnishee, an application and affidavit for garnishment, alleging "that plaintiff has reason to believe, and does believe, that the C. B. Cozart Grain Company, a corporation, with a local agent in Miami, Roberts county, by the name of W. H. Rhodes, upon whom service can be had herein, is indebted to defendant," was sufficient, "local agent" meaning an agent at a given place, while to establish venue and obtain service of a writ under the statute, the residence of the local agent is deemed the residence of the corporation.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160–166; Dec. Dig. 🔑88.

For other definitions, see Words and Phrases, First and Second Series, Local Agent.]

Appeal from Roberts County Court; J. E. Kinney, Judge.

Action by C. E. Harris & Co. against the C. B. Cozart Grain Company. From a judgment sustaining a motion to quash plaintiff's garnishment proceedings, it appeals. Reversed, and cause remanded.

C. Coffee, of Miami, and J. C. Dial, of Canadian, for appellant. J. A. Holmes, of Miami, for appellee.

HALL, J. This appeal is from a judgment of the county court, sustaining a motion to quash appellant's garnishment proceedings. The application and affidavit for garnishment alleged:

"That plaintiff has reason to believe, and does believe, that the C. B. Cozart Grain Company, a corporation, with a local agent in Miami, Roberts county, by the name of W. H. Rhodes, upon whom service can be had herein, is indebted to defendant," etc.

The court held that this was not in compliance with Vernon's Civil Statutes, art. 273, requiring that the application for garnishment shall state the residence of the garnishee. In this we think the court erred. The allegation is specific that Rhodes is the local agent at Miami. "Local" signifies belonging to or confined to a particular place. People v. Wilcox, 237 Ill. 421, 86 N. E. 672. "Local agent" means an agent at a given place. Western C. P. & O. Co. v. Anderson, 97 Tex. 432, 79 S. W. 516; Bay City Iron Works v. Reeves, 43 Tex. Civ. App. 254, 95 S. W. 739.

For the purposes of establishing venue and obtaining service of writs under the statute, the residence of the local agent is deemed the residence of the corporation. Lash v. Morris County Bank, 54 S. W. 806. It is not alleged specifically that Rhodes resides in Miami, Roberts county, but we think the company could not have a local agent at that place who resided elsewhere, and that the allegation is in effect that Rhodes is the local agent of the company, residing at Miami.

In a similar case, Talbot, Justice, said:

"The application for the writ of garnishment, among other things, alleged: 'That affiant has reason to believe, and does believe, that the Niagara Fire Insurance Company of New York, a corporation duly and legally incorporated, and who has as its local agent at Athens, Henderson county, Tex., Carroll & Ferrell, a firm composed of W. T. Carroll and A. S. Ferrell, is indebted to defendant,' etc. It is not alleged in terms in the application that the agents of the garnishee named therein reside in Henderson county, but we think the language used is equivalent to such an allegation, and substantially meets the requirements of the statute." Dickerson v. Central Texas Grocery Co., 147 S. W. 695.

It is not necessary to consider the remaining assignment relating to the right of appellant to amend the application. We think the application is, in all things, sufficient, and the judgment is reversed, and the cause remanded.