SUNSET WOOD CO. v. KELLY et al.
(No. 6021.)

(Court of Civil Appeals of Texas. San Antonio. May 1, 1918. Rehearing Denied May 29, 1918.)

GARNISHMENT &#9682;88 — AFFIDAVIT — GARNISHEE'S RESIDENCE—PARTNERSHIP.

The statute requiring affidavit for garnishment to state the residence of garnishee is substantially complied with by allegation that garnishees K. and S. are engaged in business under the name of Army Bank, in B. county, the presumption being that members of a partnership reside in the county where, as a partnership, they are engaged in business.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Garnishment by the Sunset Wood Company against E. A. Kelly and another. From an adverse judgment, plaintiff appeals. Reversed and remanded.

J. D. Dodson, of San Antonio, for appellant. Leonard Brown, of San Antonio, for appellees.

FLY, C. J. This is an appeal from a judgment quashing a writ of garnishment sued out by appellant against E. A. Kelly and F. G. Saunders, doing business under the name of the Army Bank of Ft. Sam Houston. It was alleged that appellant had sued E. Koerner on a debt due by him to appellant, and that the same was pending in the county court in which the application for garnishment was made. Koerner intervened in the suit and filed a motion to quash, because the affidavit for garnishment failed to state the residence of the garnishee. It was alleged in the petition that:

"E. A. Kelly and F. G. Saunders, engaged in business under the name of Army Bank of Ft. Sam Houston, in Bexar county, Texas, are indebted to the defendant, or have in their possession effects belonging to the defendant, held in the name of E. Koerner, or in the name Army Building Company."

We are of the opinion that the allegation that Kelly and Saunders were engaged in business under the name of the Army Bank of Ft. Sam Houston, in Bexar county, Texas, was an allegation that they resided in Bexar county. If they are engaged in business as a firm in Bexar county, the cogent presumption would be that they resided in the same county in which they were engaged in business. The writ was issued to Bexar county, and was served on Kelly and Saunders in that county, and they made no answer, as appears from the bill of exceptions agreed to by counsel for appellees and approved by the court. The

provision of the statute as to residence, requiring that it be named in the affidavit, was to guide the issuance of the writ and to fix the venue. This is necessary, because a judgment by default may be taken against a garnishee if he resides in the county where the proceeding is pending; but, if he resides in another county, a commission must be issued to take his answers, if he fails to make an appearance. Articles 282–292, Rev. Stats. We think there was a substantial compliance with the statute 'in the statement as to residence.

Courts have been very strict in requiring compliance with the statute as to the terms of the affidavit for garnishment, but we have seen no case going as far as was gone in this case. In the case of Dickerson v. Grocery Co., 147 S. W. 695, it was alleged that the garnishee, an insurance company, had agents in a certain county, but it was not stated that they resided therein, and the court held:

"It is not alleged in terms in the application that the agents of the garnishee named therein reside in Henderson county; but we think the language used is equivalent to such an allegation, and substantially meets the requirements of the statute."

To the same effect is Harris v. Cozart, 178 S. W. 733.

It may be, as held in the case of Freeman v. Rice & Irr. Co., 188 S. W. 444, that an allegation that a corporation is doing business in a certain county is not equivalent to an allegation that it resided there; but that is different from an allegation that a partnership, naming its members, is engaged in business in a certain place, which difference is recognized in the case cited.

The judgment is reversed, and the cause remanded.