**ELLIS et al. v. EMIL BLUM CO.** (No. 6774.)

(Court of Civil Appeals of Texas. San Antonio. June 14, 1922. Rehearing Denied June 30, 1922.)

**1. Abatement and revival ⬳8(2), 9—Pendency of claim in probate court held not to defeat suit.**

Pendency of a claim in the probate court of another state against the estate of defendant's husband did not defeat an action against defendant in her individual capacity to recover on an account made by her for necessary clothing for the personal use of herself, and for which her separate estate, if any, would be liable, there being neither identity of parties nor subject-matter.

**2. Abatement and revival ⬳13—Pendency of suit in another state no bar.**

The pendency of a suit in another state is no bar to a suit involving the same controversy.

**3. Husband and wife ⬳151(5)—Married woman liable for articles purchased not necessary for existence; "necessaries."**

Under Rev. St. art. 4624, "necessaries" for which a married woman is liable are not merely such goods or services as are actually and reasonably necessary for her existence, and the separate estate of a married woman was liable for articles of clothing purchased by her which she wore at functions where it was customary and necessary for one in her station in life to wear such articles.

[Ed. Note.—For other definitions, see words and Phrases, First and Second Series, Necessaries.]

**4. Accord and satisfaction ⬳9—Tender held entirely without consideration.**

Where debtor offered $100 in settlement of claim, the amount of which was not disputed, and gave a check for that amount, and was informed by creditor's agent that, if she did not hear to the contrary by that afternoon, she could consider the settlement as accepted, and several days later the check was returned to her, there was no accord and satisfaction, as the debtor's proposed tender was entirely without consideration.

Appeal from Bexar County Court; John H. Clark, Judge.

Suit by the Emil Blum Company against Ada Way Ellis and another. Judgment for plaintiff, and defendants appeal. Affirmed.

John Sehorn and Edwin Sehorn, both of San Antonio, for appellants.

Kennon & Kennon, of San Antonio, for appellee.

COBBS, J. This suit was brought by appellee to recover of Mrs. Ada Way Ellis the sum of $368.22 on a sworn account for certain wearing apparel for her personal use. At the time of her purchase she was the wife of Walker Ellis, who died leaving a small es-

---

tate which was administered upon in the probate court of Tulsa county, Okl., and said claim was there presented for payment as a claim against said estate. Subsequently this suit was filed against Mrs. Ellis in the county court of Bexar county. She afterwards intermarried with J. Ira Kercheville, who was made a party defendant to this suit, seeking to recover against their community estate.

[1, 2] The appellants plead the pendency of the claim that appellee filed against the estate of Walker Ellis, deceased, in the probate court of Oklahoma to defeat this suit. Such a defense is not available here. There was identity neither of parties nor subject-matter in that suit. The proceeding in Oklahoma was the presentation of the claim against the estate of her deceased husband. Here the suit was a suit against her in her individual capacity to recover on an account made by her for necessary clothing for the personal use of herself, and for which her separate estate, if any, would be liable. When the suit was filed she was a feme sole, and there is no merit in the plea. That the pendency of one suit in another jurisdiction is no bar to a suit involving the same controversy in another tribunal has been many times decided. Biard & Scales v. Tyler Building & Loan Association (Tex. Civ. App.) 147 S. W. 1171.

[3] There is no merit in the defense set forth in the second proposition, that "Necessaries for which a married woman is liable must be such goods or service as are actually and reasonably necessary for the woman's existence." That never was the law, that such articles purchased must be necessary for her "existence." The law is quite the contrary. The appellants narrow down too much the purposes, for which her separate estate may be made liable, though they quote article 4624 of R. S. very correctly, showing for what her estate may be held liable, one of those being, as here insisted upon by appellee, that she "may contract debts for necessaries furnished herself or children" and make it a charge on her estate. The trial court has found, and the facts establish, that the articles purchased by her, and by her retained and used, were necessaries; that she ofttimes attended social functions where it was customary and necessary to wear such articles—that is, for one in her station in life. Having determined that the purchases constituted necessaries, it created a legal liability, and one she cannot escape. Magee v. White, 23 Tex. 180; Desmond v. Dockery (Tex. Civ. App.) 116 S. W. 115.

[4] The third, and last, assignment complains that the court erred in rendering the judgment, because it is claimed that the undisputed evidence shows that there was an accord and satisfaction, and appellee's recovery should not be more than $100. In support of this assignment the appellants make this statement of the facts:

"Mrs. Ellis testified—and appellees offered no testimony to the contrary—that on May 17, 1921, more than a year after the account was due, she called at the office of appellee and then offered $100 in settlement of the claim, gave appellee a check for $100, and was informed by agent of appellee that, if she did not hear to the contrary by that afternoon, she could consider the settlement as accepted. She heard nothing to the contrary that day nor the next and it was not until two days later, on May 19, that appellee returned the check."

Mrs. Ellis received the check back, and used the proceeds it represented. It was not the settlement of a bona fide controversy as to the claim or its amount; the facts of the purchase of the goods and their necessity was not in dispute, but a voluntary offer on the part of Mrs. Ellis to pay appellee an amount to discharge it less than the admitted debt. This proposed tender was entirely without consideration. Lumber Co. v. Snelling (Tex. Civ. App.) 205 S. W. 763; Insurance Co. v. Connor (Tex. Civ. App.) 209 S. W. 417; Grocery Co. v. Guynes (Tex. Civ. App.) 204 S. W. 794; Shipbuilding Co. v. Daniels (Tex. Civ. App.) 217 S. W. 225.

We believe that the court was justified from the evidence in holding that the articles purchased by Mrs. Ellis were necessaries within the meaning of the statutory law and the decisions of the courts. It is true the husband is required by law to support and clothe his wife suitable to her station in life, and that his estate in case of his death would be liable therefor. Still, it is further true that her separate estate would likewise be liable for her necessaries. In this case it also appears that Mrs. Ellis got all the estate of her deceased husband. But that fact would not, of course, determine her legal liability.

Finding no errors committed in the trial of this case, the judgment is affirmed.