**ELLIS et al. v. EMIL BLUM CO.  (No. 6775.)**

(Court of Civil Appeals of Texas.  San Antonio.  June 14, 1922.  Rehearing Denied June 30, 1922.)

**1. Garnishment ⬅⟿88—Affidavit held to sufficiently state residence of garnishee.**

An affidavit reciting that the State National Bank of San Antonio, Tex., a private corporation doing business in San Antonio, Bexar county, Tex., was garnishee, sufficiently stated the residence of the garnishee, showing on its face that the garnishee was a national bank, a federal corporation, not ambulatory at all, but by law confined to the place designated where it can only have its domicile, under U. S. Comp. St. §§ 9658, 9659, 9662, 9668.

**2. Garnishment ⬅⟿87 — Strict rule applied in ruling on sufficiency of affidavits in garnishment.**

In determining the sufficiency of a garnishment affidavit, a very strict rule is to be applied.

**3. Garnishment ⬅⟿88—Affidavit held sufficient as to property subject to execution.**

An affidavit in garnishment, stating that defendant has not within plaintiff's knowledge "property in her possession within this state, subject to execution, to satisfy such debt," was not insufficient because it failed to allege that defendant had no property within the state subject to execution "sufficient" to satisfy the debt sued on under Rev. St. art. 271.

**4. Evidence ⬅⟿80(I)—Presumed that statutory law of another state is the same.**

The presumption, in the absence of other proof, is that the statutory law of another state is the same as that of the forum on the same subject.

**5. Executors and administrators ⬅⟿200—Allowance to widow has no precedence over her individual debts.**

While Rev. St. art. 3411, gives precedence and preference in favor of allowance of widow as against her husband's general debts and community debts against his estate, it gives the widow no preference as against her individual debts, in view of articles 2470, 4624.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by the Emil Blum Company against Mrs. Ada Way Ellis and another, in which the State National Bank of San Antonio was garnishee defendant. Judgment for plaintiff, and defendants appeal. Affirmed.

John Sehorn and Edwin Sehorn, both of San Antonio, for appellants.

Kennon & Kennon, of San Antonio, for appellee.

COBBS, J.  This garnishment proceeding grows out of the claim set forth in cause No. 6774, Mrs. Ada Way Ellis et al. v. Emil Blum Co., 242 S. W. 1099, this day decided by this court and may be looked to for the statement of the nature of the case and the issues involved applicable here.

[1] The appellants assign their first error upon the refusal of the court to quash the writ of garnishment because the affidavit failed to state the residence of the garnishee, the State National Bank of San Antonio, Tex. Looking to the affidavit, the garnishee's residence is sufficiently described twice: As the State National Bank of San Antonio, Tex., and further described as a private corporation doing business in San Antonio, Bexar county, Tex. It shows on its face to be a national bank, a federal corporation, not ambulatory at all, but by law confined to the place designated, where it can only have its domicile. The record shows that garnishee duly appeared and answered. Sunset Wood Co. v. Kelly et al. (Tex. Civ. App.) 203 S. W. 921; articles 9658, 9659, 9662, and 9668, tit. 62 U. S. Compiled Statutes 1918.

The second assignment complains that the trial court erred in overruling intervener's motion to quash the writ because the affidavit failed to allege that Mrs. Ada Way Ellis has not property in her possession within this state, subject to execution, sufficient to satisfy the debt sued on. The affidavit is:

"*  *  *  And that the defendant, Mrs. Ada Way Ellis, has not within its knowledge, property in her possession within this state, subject to execution, to satisfy such debt."

The statute (article 271, R. S.) requires that the affidivit shall state:

"That the defendant has not *  *  *  property in his possession within this state, subject to execution, sufficient to satisfy such debt."

The only omission pointed out by appellants, which they claim invalidates the garnishment proceedings, is that the sole word "sufficient" is omitted.

[2, 3] Of course a very strict rule is required in such preceedings. Here appellee is seeking to garnish a definite fund in a particular bank. The affidavit is based upon the ground, other than the funds in this bank, there is no other property out of which the money can be made in this state. As the oath is very pointed that she "has not *  *  *  property *  *  *  within this state subject to execution to satisfy such debt," it is a sufficient compliance with the law. The greater includes the lesser, and, when the oath in effect said she had no property, it can be construed to mean that she had not sufficient property for the purpose stated. The affidavit is more onerous than the law requires, and the contention seems more technical than meritorious. Broyles et al. v. Jerrells et al., 14 Tex. Civ. App. 374, 37 S. W. 377; Wasson v. Harris (Tex. Civ. App.) 209 S. W. 760. The affidavit is a substantial

compliance with the statute, and this assignment is overruled.

The third assignment complains that the court erred in subjecting the garnisheed fund to the payment of appellee's claim, because it was a fund set apart to her out of her deceased husband's estate by the probate court of Tulsa county, Okl., for her use and support.

[4, 5] While true, as contended by appellants, the presumption, in the absence of other proof, is that the statutory law of Oklahoma is the same as that of Texas on the same subject, the law here, in such cases, is covered by article 3411, R. S., which provides that the allowance to a widow shall have precedence over all debts and charges against the estate except funeral expenses and expenses of last sickness. While this statute gives precedence and preference in favor of the widow as against her husband's general debts and community debts against his estate, there is nothing in the statute to exempt that fund from the widow's individual debts. It would require a plain statutory provision to exempt such fund from the payment of her debts. There is no such legislation. As the court's power is limited to the construction of statutes in proper cases, the power to legislate is nowhere given, and that is what it would mean if we should hold such funds are exempt property, and for that reason cannot be subjected, in proper cases, to her individual debts. Red River National Bank v. Ferguson, 109 Tex. 293, 206 S. W. 923; Hedeman v. Newnom, 109 Tex. 472, 211 S. W. 968; Williams v. Doan (Tex. Civ. App.) 209 S. W. 761.

Some of the questions discussed here, likewise, in a way, arise in the case of Ellis et al. v. Emil Blum Co. (Tex. Civ. App.) 242 S. W. 1099, supra, this day decided, and, as applicable here, see articles 2470, 4624, R. S.; Desmond v. Dockery (Tex. Civ. App.) 116 S. W. 115; Taylor v. Murphy, 50 Tex. 291; Harris et al. v. Seinsheimer, 67 Tex. 357, 3 S. W. 307; Bell v. Read, 23 Tex. Civ. App. 95, 56 S. W. 584.

The order of the Oklahoma probate court recited that appellant filed an application "for an order assigning to her the entire estate of said decedent," and ordered "that the whole of said estate, to wit, the sum of $1,100 and any other amounts not exceeding the sum of $1,500, be, and the same is hereby, assigned to Ada Way Ellis for her use and support." It would seem that the whole estate passed to her without any regard to creditors, if any, or without any reference whatever to appellee's claim filed there.

We find no reversible error in the ruling of the trial court, and the judgment is affirmed.

## On Motion for Rehearing.

Among other things pressed by counsel in the motion for rehearing is that we ignored the cited case of Freeman v. Port Arthur Rice & Irrigation Co. (Tex. Civ. App.) 188 S. W. 444, which is claimed to be "on all fours" with the instant case, and that we "should have distinguished the case, repudiated it, or given our reasons therefor," and now prays us to correct our opinion in this respect. We neither cited nor commented upon it, because a glance at the opinion will demonstrate its distinguishing features.

In the cited case Mr. Justice Brooke discusses a number of authorities, which we likewise reviewed in reading his opinion. After considering several cases, the court said:

"Is the allegation of the affidavit in the instant case that the garnishee was doing business in Jefferson county, Tex., substantially the same as alleging that the garnishee was a resident of Jefferson county, Tex.? It is earnestly insisted that a substantial compliance with the statute is all that is necessary, and that the sole purpose of this particular requirement of the statute as to alleging the residence of the garnishee was merely to direct the clerk of the court where to send the writ, and get service on the garnishee, and attention is called to the case of Lash v. Morris County Bank, 54 S. W. 806. In that case the motion to quash the affidavit was because the affidavit for garnishment fails to allege the residence of the garnishee, the Pacific Express Company, and does not allege that it had, or maintained, an office, or transacted any business, or had an agent representing it, in Morris county."

And, further on, still discussing cases, he said:

"We believe that the holding of the court in each of the two last-named cases is correct, but no such allegation is found in the instant case. The only allegation is that garnishee, naming it, is a private corporation doing business in Jefferson county, of which a known person is president. This is a mere statement that the garnishee is doing business in Jefferson county, Tex."

Then, after a further discussion of cases, he finally said:

"The allegation in the instant case that the garnishee was doing business in Jefferson county does not imply, in the case of a corporation, that it has its domicile in the county, or that it has a local agent residing in the county. It would serve no useful purpose for us to lengthen this opinion, as, from the view we take of it, there was no error committed by the lower court in quashing said garnishment proceedings."

The opinion is in perfect harmony with the Freeman Case; the affidavits in the two cases are materially and obviously different. The affidavit for the reasons given in this case is a sufficient compliance with the statute to show the residence, where it was not in the Freeman Case.

We appreciate, as stated, that "it is somewhat disconcerting to litigants and counsel"

who brief their cases well to find that the courts are not always able to adopt their views, but rather concur with the views of opposing counsel. We cannot satisfy both sides; one must lose. It should not be necessary for us to reiterate that we examine all authorities cited in briefs, whether in point or not, and give full consideration to the whole case from the standpoint of all the parties the best we can and that was done in this case, appellants' complaint to the contrary.

There is nothing new in this motion that was not presented before.

The motion for a rehearing is overruled.