### WILSON v. WAGNER SUPPLY CO.
### (No. 7131.)

(Court of Civil Appeals of Texas. San Antonio. April 2, 1924.)

1. **Appeal and error ☞907(3)—Presumed each issue of fact found in favor of successful party upon sufficient evidence, in absence of statement and finding of facts.**

Where, on appeal from a judgment for plaintiff in garnishment proceedings, it appeared that principal defendant's motion to quash the writ of garnishment and the main issue were submitted upon evidence and the pleadings *held* that, in the absence of a statement of facts and a transcript embracing findings of fact or conclusions of law, it will be presumed that every issue of fact was resolved in favor of plaintiff upon sufficient evidence to support it.

2. **Garnishment ☞88—Allegations held sufficient to authorize issuance and service of process upon local agent of foreign corporation.**

Allegations of the garnishor that garnishee was a corporation, and that it did business and had a named local agent in the county to which the writ was sought to be issued, *held* sufficient to authorize issuance and service of process upon the local agent of garnishee, a foreign corporation.

3. **Garnishment ☞102—Recital in officer's return held to carry with it presumption of existence of facts stated therein.**

Recital in an officer's return upon writ of garnishment that the person served with the writ was the local agent of the garnishee for whom the process was issued *held* to carry with it a presumption of the existence of the fact which defendant was bound to overcome.

4. **Appeal and error ☞544(1)—Appellant held precluded from complaining of finding as to service of process in absence of statement of facts.**

By reason of the absence of statement of facts defendant *held* precluded from complaining on appeal of trial court's finding that the person served with a writ of garnishment against a foreign corporation was the local agent of that corporation.

5. **Appeal and error ☞544(1)—Propriety of authorizing amendment of return of service of process not considered in absence of statement of fact.**

In absence of statement of facts appellant could not complain of trial court's action in directing or authorizing officer's return to writ of garnishment to be amended in accordance with the true facts, in view of Rev. St. arts. 278, 1879.

6. **Appeal and error ☞907(3) — Presumed court acted rightly upon evidence presented in absence of statement of facts.**

Where, in garnishment proceedings, the matters set up in the garnishee's pleading in regard to the status of certain litigation between it and defendant, and to which plaintiff interposed special exception upon stated ground that they showed that the indebtedness admitted by the garnishee arose out of its liability for breach of contract with defendant, were tried by the court, the appellate court must assume, in the absence of statement of facts, that the court acted rightly upon the evidence presented.

7. **Garnishment ☞140—Sworn answer by garnishee's attorney held to show authority to answer.**

Garnishee's answer, made and sworn to by "A. F. A., attorney for I. R. C., garnishee," *held* sufficient to show that the answer was sworn to by one authorized by law to do so.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Garnishment proceedings by Wagner Supply Company, in which J. G. Wilson was the principal defendant and the Indiahoma Refining Company was named garnishee. Judg-

ment for plaintiff, and defendant appeals. Affirmed.

R. C. Armstrong, of Fort Worth, for appellant.

Samuels & Brown, of Fort Worth, for appellee.

SMITH, J. The Wagner Supply Company a Texas corporation, filed its application for writ of garnishment to be issued to the Indiahoma Refining Company, as garnishee, alleging that the latter was a corporation with an office and local agent, to wit, H. L. Hartman, in Wichita county, Tex., and was indebted, or, had in its possession, effects belonging to one J. G. Wilson, who was in turn alleged to be indebted to the garnishor, the Wagner Supply Company. The garnishee answered, admitting that it owed Wilson an amount in excess of the debt the latter was alleged to owe the garnishor.

[1] Wilson, the debtor, replevied, and filed a motion to quash the writ of garnishment, urging its invalidity upon numerous grounds. The motion to quash was tried along with the main issue, and judgment was rendered overruling the motion and in favor of the garnishor, against Wilson and the sureties on his replevy bond. Wilson has appealed. Both the motion to quash and the main issue seem to have been submitted to the court upon evidence and the pleadings, but no statement of facts has been brought up, and the transcript embraces no findings of fact or conclusions of law. This being true, it will be presumed that every issue of fact was resolved in favor of appellee, upon sufficient evidence to support it.

[2] It was not necessary, as appellant contends, that the garnishor allege in its application for garnishment that the garnishee was a foreign, as distinguished from a domestic, corporation, in order to authorize issuance and service of process upon its local agent. It was sufficient to allege that the garnishee was a corporation, and that it did business and had a named local agent in the county to which the writ was sought to be issued. Article 273, R. S.; Lash v. Bank (Tex. Civ. App.) 54 S. W. 806; Ellis v. Blum (Tex. Civ. App.) 242 S. W. 1101; Dickerson v. Grocery Co. (Tex. Civ. App.) 147 S. W. 695; Sunset Wood Co. v. Kelly (Tex. Civ. App.) 203 S. W. 921; Harris v. Cozart (Tex. Civ. App.) 178 S. W. 733. Point 1, urged by appellant, is overruled.

[3, 4] Appellant contends in his second point that the garnishee failed to respond to the burden of showing that the person served as the agent of the garnishee was in fact such agent for the purpose of receiving process for his principal. This point must be overruled, for two reasons, first, the recital in the officer's return that the person served was the local agent of the defendant for whom the process was issued carries with it a presumption of the existence of the fact, which appellant was bound to, but did not, overcome; and, second, the court apparently heard evidence in the matter, and found against appellant, who cannot complain in the absence of a statement of facts.

[5] For the same reason we overrule appellant's third proposition, complaining of the action of the court in directing or authorizing the officer's return to be amended in accordance with the true facts. Articles 278, 1879, R. S.; Fleming v. Pringle, 21 Tex. Civ. App. 225, 51 S. W. 553; 93 Tex. 639, writ of error refused.

[6] The garnishee, after answering that it was indebted to the debtor, Wilson, in a specific amount, further set up, in a subsequent paragraph of its answer, the status of certain litigation between it and Wilson. Wilson interposed a special exception to these latter allegations, upon the stated ground that they showed that the indebtedness admitted by the garnishee arose out of its liability for breach of contract with Wilson. These matters were tried out by the court, and in the absence of a statement of facts we must assume the court acted rightly upon the evidence presented. Appellant's fourth proposition will be overruled.

[7] It is contended by appellant in his fifth proposition that it appears from the answer of the garnishee that such answer was not sworn to by any one authorized by law to make the same. It appears that this answer was made and sworn to by "Austin F. Anderson, attorney for Indiahoma Refining Company, garnishee," which is a sufficient showing of authority. This proposition is overruled.

In his sixth proposition appellant asserts that a garnishee "cannot voluntarily enter an appearance or file an answer in garnishment proceeding until he has been served with a valid writ commanding him to make true answer." It is true, of course, that a garnishee has not the authority to preclude the debtor by waiving vital defects in the garnishment proceedings, but this case does not present such situation, and appellant's proposition will be overruled.

We think the record shows that the plaintiff in garnishment has pursued the method prescribed by statute in reaching the funds in controversy; that no reversible error has been presented here; and that the judgment should be affirmed.